## IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1897.

---

PETER McCORMACK v. THE STANDARD OIL COMPANY.

The evidence shows no disputed fact. At the close of plaintiff's testimony it was possible to infer the liability of defendant. At the close of all the testimony no such inference was possible. *Held*, that a verdict for defendant was rightly directed.

---

On rule to show cause.

Argued at June Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the rule, *Warren Dixon.*

*Contra, Charles W. Fuller.*

The opinion of the court was delivered by

MAGIE, J. The state of the case shows that the plaintiff claimed that he had sustained an injury on the night of November 8th, 1895, by falling from the seat of a truck

243

which he was driving through a public highway, and that his fall was occasioned by the wheel of his truck suddenly dropping into an excavation in the highway which was left without guard or light to indicate its danger.

To charge the defendant with liability for his injury it was necessary for plaintiff to establish by proof that the excavation which was the cause of his injury was made by defendant.

On this subject the plaintiff's case was this: He testified that he observed, at the time of his fall, that there were pipes laid in the excavation. It was admitted that defendant owned the land on both sides of the highway where plaintiff claims to have fallen. A witness called for plaintiff testified that he had been employed by defendant from June 22d, 1895, up to about January 1st, 1896, as a civil engineer in laying out an extension of defendant's plant, and that extension included stills and condensers on the east side of the highway. The plant on that side of the highway was, as part of the plan, to be connected with the defendant's plant on the opposite side of the highway by pipes to be laid under the highway. The witness was not clear as to any particular time, but he had at some time during his employment seen trenches in the highway; whether any were there on November 8th, he could not testify.

Upon this evidence the trial judge was asked to nonsuit plaintiff on the ground that it was insufficient to establish the fact that defendant had made the excavation in question. This request was refused, and I think rightfully, for, although it did not directly evince the excavation to have been made by defendant, yet it justified an inference that, in carrying out its plan, which included the laying of pipes in excavations in the highway, the excavation therein which plaintiff claimed had pipes laid in it was made by defendant.

Defendant thereupon called witnesses in its defence who were in its employ during the execution of its plan for extending its plant, of which the civil engineer called by plaintiff had testified. These witnesses declared that they had charge of the execution of the plan and of laying the

pipes across the highway. All of them united in testifying that the first excavation made for that purpose was on November 14th, 1895. Their recollection was fortified by reference to time-slips and work-reports made by them at the time. There was no contradiction of their testimony, and they stood unimpeached.

The case before the court then stood thus: The inference that defendant had opened the excavation into which plaintiff said he fell on November 8th, 1895, which was possibly justifiable from the fact that, between June, 1895, and January, 1896, defendant was executing a plan which contemplated such excavations, was not merely rendered doubtful, but was made impossible from the further fact proved that the excavations under that place were not commenced until November 14th, 1895.

It should be said, also, that plaintiff's fall became known to policemen in the neighborhood, and the fact was reported to headquarters. That it occurred on November 8th was undisputed and seems to have been regarded as indisputable.

Upon the whole case, the trial judge thereupon directed a verdict for defendant and allowed the plaintiff this rule to show cause. In support of this rule it is now urged that there was error in the direction to find such a verdict, and that the case should have been permitted to go to the jury.

If the material facts were in substantial dispute, this contention must doubtless prevail. *Hartman* v. *Alden*, 5 *Vroom* 518; *Crue* v. *Caldwell*, 23 *Id.* 215; *Newark Passenger Railway Co.* v. *Block*, 26 *Id.* 605; *Meyers* v. *Birch*, 30 *Id.* 238. When, upon the uncontroverted facts, a plaintiff is not entitled to recover and a verdict in his favor would be set aside, it is the duty of the court to nonsuit. *Central Railroad Co.* v. *Moore*, 4 *Zab.* 824; *Aycrigg* v. *New York and Erie Railroad Co.*, 1 *Vroom* 460. This court sustained a verdict directed for plaintiff, although the defendant had put in evidence in support of a defence, upon the ground that, upon that evidence, the jury could not reasonably have concluded

that the defence had been established.   *Baldwin* v. *Shannon,* 14 *Vroom* 596.

But, on the case before us there was no dispute of facts upon the point of defendant's liability for the excavation into which plaintiff fell.   The testimony of the civil engineer called by plaintiff in respect to defendant's plan contemplating excavations in the highway somewhere between June and January is not contradicted by defendant's evidence that the first excavations in execution of the plan were after the plaintiff's injury.   The inference possible to be drawn from the former is only rendered impossible by the latter.   It is not easy, after a review of all the evidence, to feel entire confidence in the testimony of plaintiff in his own behalf.   But it must be assumed that a jury might have found his story credible.   But if, on November 8th, he fell into an excavation in the highway and saw pipes laid in it, he has not advanced his right to recover, for the only excavations his proof shows defendant made in the highway were those made in pursuance of its plan for the extension of its plant, and the first of them was not made until November 14th.   If plaintiff's excavation of November 8th was real, it is not shown to have been made by defendant.

Upon the uncontroverted facts, a verdict for plaintiff could not be sustained, and in such case the verdict was properly directed for defendant.

Let the rule to show cause be discharged.